IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WALBERT LAWTON, | : |
| | : |
| Claimant, | : |
| | : |
| v. | : CASE NO. 5:09-CV-239 (MTT) |
| | : Social Security Appeal |
| MICHAEL ASTRUE, | : |
| Commissioner of Social Security, | : |
| | : |
| Respondent. | : |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act

is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520, app. 1, pt. 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

**ISSUES**

**I.**     **Did the ALJ err in evaluating the opinions of the treating physicians?**

**II.**     **Did the ALJ err in evaluating Claimant's credibility?**

**III.**     **Did the Appeals Council err in failing to properly review the additional medical evidence submitted by Claimant?**

## Administrative Proceedings

Claimant filed applications for a period of disability, and Disability Insurance Benefits on March 13, 2006, with a protective filing date of February 22, 2006. (Tr. 76-78.) Upon the denial of his applications and after reconsideration, Claimant timely filed a request for a hearing, and on December 14, 2007, a hearing was held. (Tr. 18-33.) On February 28, 2008, the ALJ entered an unfavorable ruling (Tr. 39-47), and the Appeals Council subsequently denied his request for review. (Tr. 1-3.) This appeal followed.

## Statement of Facts and Evidence

Claimant's applications for benefits allege disability beginning on March 24, 2005, due to: diabetes; glaucoma; back, knee, hip, leg, neck, shoulder problems; high blood pressure; and kidney problems. (Tr. 108.) After careful consideration of the record, including hearing testimony from the vocational expert and Claimant, the ALJ concluded that Claimant suffered from degenerative disc disease of the lumbar spine, diabetes mellitus and hypertension. (Tr. 41.) Although the ALJ considered these impairments to be severe within the meaning of the Regulations, he concluded that the impairments, or any combination of alleged impairments, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 43.) The ALJ then found that Claimant had the residual functional capacity ("RFC") to perform a significant range of light work as defined in 20 C.F.R. § 404.1567(b); that Claimant could not perform his past relevant work; and that there were jobs which existed in significant numbers in the national economy that Claimant could perform. (Tr. 45-46.)

**DISCUSSION**

**I.    Did the ALJ err in evaluating the opinions of the treating physicians?**

Claimant first argues that the ALJ committed reversible error where he failed to discuss the opinions of his treating physicians, Drs. Soundappan, Vance and Earls. (R-13 at 14). Claimant contends that as a matter of law, the failure of the ALJ to acknowledge the opinions of the physicians requires that they be accepted as true. *Id.*

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he finds the claimant disabled or that the claimant's impairments meet or equal any relevant listing. 20 C.F.R. §§ 416.927(e)(1), (2) & (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 416.927(e); *see* SSR 96-5p.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not

accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). A medical opinion provided by a claimant's treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record. *Id*. The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. § 416.927(d).

Claimant first argues that the ALJ applied the improper legal standard where he contends that pursuant to the Medical Vocational Guidelines (GRIDS) he would be disabled even if he could perform all unskilled sedentary work. (R. 13 at 14.) Although technically correct, Claimant's reliance on the GRIDS with regard to his ability to perform sedentary work in this case is misplaced. The record reveals that the ALJ found Claimant could

6

perform a significant range of light work (Tr. 43), which does not preclude him from work at the sedentary level.

After review of the record, it is found that the ALJ articulated his reasons for giving less weight to the opinions of Claimant's treating physicians, Dr. Soundappan, Dr. Vance and Dr. Earls, and that his reasons constitute good cause. The ALJ based the decision on the evidence of record, including early treatment notes of Dr. Soundappan (Tr. 233-37) and Dr. Vance (Tr. 279),[2] which he found not to "reflect the longitudinal history of impairment, treatment and recovery" and which were inconsistent with his determination of Claimant's ability to perform work-related activities. (Tr. 45.) The treatment notes were also inconsistent with the opinions of the consultative examiners and assessments of the state agency medical consultants. Furthermore, contrary to Claimant's contention, the ALJ discussed the treatment notes of Dr. Earls (Tr. 42). The ALJ's decision is further based on his finding that the symptoms and limitations as subjectively alleged by the Claimant were credible only to the extent that Claimant could perform work as prescribed by the RFC finding. (*Id.* at 45.) The medical evidence submitted by Claimant from later on in his treatment, as noted by the ALJ, reflect improvement in Claimant's degenerative disc condition. (Tr. 42.)

Claimant is correct in that the ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion. *Lewis v.*

---

[2]It should be noted that his document was not signed by any physician, and as such, the ALJ was not required to afford it any deference.

*Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In this case, the ALJ's findings establish that he discounted the medical opinions of Drs. Soundappan, Vance and Earls. It is logically concluded, then, that the ALJ gave the opinions little, if any, weight and incorporated that determination into his findings. Upon review of the entire record, the ALJ appears to have committed no error in weighing or discounting the opinions of Claimant's treating physicians, nor any error in evaluating the medical evidence, and substantial evidence supports his decision.

## II. Did the ALJ err in evaluating Claimant's credibility?

Claimant next argues that the ALJ "failed to identify objective evidence he claimed was inconsistent with [Claimant's] pain, and improperly required the symptoms produce 'total disability.'" (R 13 at 16.) Because the rejection of his credibility was legally and factually unfounded, Claimant argues that the ALJ is required to accept the testimony as true. (*Id.*)

> 20 C.F.R. § 416.929(a), in relevant part, states that:
>
>> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Moreover, the mere existence of impairments does not establish disability; instead, the ALJ

8

must determine how a claimant's impairments limit her ability to work." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Regarding credibility, Social Security Regulation 96-7p reads:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id.*

The ALJ's findings reveal that he determined that Claimant's statements regarding the intensity, persistence and limiting effects of his symptoms were not entirely credible or consistent with the medical record. (Tr. 44.) Ultimately, the ALJ found that the "evidence contained in the record does not support the Claimant's allegations of totally incapacitating limitations." (Tr. 45.) In limiting Claimant's credibility to the extent supported by the medical evidence, the ALJ extensively considered the record, including the state agency

9

medical opinions, the evidence of record, and Claimant's hearing testimony.

Based on the statements recounted above, it is found that the ALJ sufficiently took into account the location, duration, frequency and intensity of Claimant's pain and other symptoms, as well as any precipitating and aggravating factors, when assessing his credibility. As such, the ALJ clearly articulated explicit and adequate reasons for discrediting Claimant's credibility, and no error is found.

### III. Did the Appeals Council err in failing to properly review the additional medical evidence submitted by Claimant?

Claimant last argues that the Appeals Council erred in failing to add or review supplemental medical records sent by counsel, which he claims show that his condition had worsened. (R. 13 at 18.) The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id.* In the case at bar, the Appeals Council received the new evidence but determined after review of the evidence that it would not alter the final decision of the ALJ. (Tr. 1-3.)

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). If

denial of benefits is erroneous, the decision of the Appeals Council is subject to modification, reversal or remand pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* In this case, because new evidence was properly presented to the Appeals Counsel, consideration under sentence four is appropriate. Under sentence four of § 405(g), the district court must generally "consider evidence not submitted to the administrative law judge but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security benefits." *Id.* at 1257-58.

Here, the Appeals Council accepted new evidence in the form of treatment records from Dr. Earls and a physical therapy facility, for the period of May 25, 2006, through August 13, 2008. (Tr. 4.) The Appeals Council "considered the reasons [Claimant] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council," and found that the additional evidence did not provide a reason to change the ALJ's decision. (Tr. 1-2.) A review of that evidence fails to overcome the Commissioner's finding that Claimant was not disabled. Because none of the reports **in the relevant time period** indicated that Claimant's impairments had worsened, the evidence did not establish a likelihood that the ALJ would have reached a different result, and the Appeals Council did not err by concluding that the weight of the evidence was not contrary to the ALJ's decision.

## CONCLUSION

It is found that the decision of the ALJ and his consideration of the entire record in his determination of the credibility of the Claimant compels the conclusion here that the

finding by the ALJ that Claimant is not disabled as defined by the Act is based on substantial evidence as defined in *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005), and the Commissioner's decision to deny the Claimant the disability benefits he seeks is the result of the proper application of the appropriate standard of law called for by Congress in the Act.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 13th day of September, 2010.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE

lws