IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| Walbert LAWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:09-CV-239 (MTT) |
| | ) | |
| Michael J. ASTRUE, COMMISIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER

This matter is before the Court on the Recommendation to Affirm (the "Recommendation") (Doc. 20) of United States Magistrate Judge Stephen Hyles. The Magistrate Judge recommends affirming the decision by Administrative Law Judge ("ALJ") Cam Oetter, which was adopted by the Commissioner of Social Security ("Commissioner"), that the Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. The Plaintiff filed an objection to the Recommendation (the "Objection") (Doc. 21). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Objection and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge. However, in the Objection, the Plaintiff raised an issue that was not adequately addressed in the Recommendation. Therefore, the Court supplements the Recommendation with the following analysis.

**Evaluation of the Evidence by the Appeals Council**

The Plaintiff argues the Appeals Council erred when it determined he was not disabled without reviewing the entire record. According to the Plaintiff, he submitted over 100 pages of evidence to the Appeals Council that reviewed the Commissioner's adoption of the ALJ's decision. This evidence consisted of documents that arose both before and after the ALJ's decision, but before the Appeals Council's review. The Plaintiff contends that the Appeals Council did not consider this new evidence. In support of this position, the Plaintiff points to the fact that the Appeals Council's evaluation of this new evidence "consisted of only two sentences of boilerplate."

The Appeals Council must review new evidence "relat[ing] to the period on or before the [ALJ's] decision." 20 C.F.R. § 404.970(b). If the Appeals Council declines to review the new evidence, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). Substantial evidence is defined as "more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). A reviewing court must affirm the decision to deny benefits if it is supported by substantial evidence even if the evidence preponderates against the Commissioner's decision. *Id.*

The Plaintiff argues the new evidence demonstrates the ALJ erred in claiming he had a "successful medical treatment and recovery record." The Plaintiff does not

specify new evidence challenging the Appeals Council decision in the Objection, but does reference supporting evidence in his brief.  The Plaintiff attempts to challenge the ALJ's determination that he had a successful medical treatment and recovery by presenting evidence demonstrating his condition only improved minimally.  The Plaintiff challenges the ALJ's decision by referencing his initial meeting with Dr. Earls in May 2006 (Tr. 430).  At that time, the Plaintiff's pain was aggravated by prolonged sitting, standing, bending, and stooping (Tr. 431).  Dr. Earls allegedly remarked that the Plaintiff had improved "minimally" since his October 2005 surgery, but the May 2006 report indicates the statement was made by the Plaintiff (Tr. 430).

The Plaintiff also said he made "little improvement" with the aquatic program by November 2006 (Tr. 478).  Less than two months later, Mike Cantrell, reported that the aquatic program was "somewhat beneficial" (Tr. 472).   The Plaintiff then references Dr. Earls' November 2007 observation, "[w]ith the cooler weather, [the Plaintiff's] neck and back pain have increased" to support his position (Tr. 405).  The Plaintiff further attempts to illustrate his pain by referencing his February 22, 2008, remark to Dr. Earls that his pain was "tolerable" (Tr. 402).  The Plaintiff also presents new evidence which does not relate to the Plaintiff's condition on or before the ALJ decision that will not be considered by this Court.

Even if the Appeals Council did not review the new evidence presented by the Plaintiff, the evidence is supported by substantial evidence in the record as a whole.  The evidence considered by the ALJ contained numerous reports indicating the Plaintiff's pain became tolerable with his drug regimen.  In addition, the new evidence,

except for the November 2007 report, supports the ALJ's observation that the Plaintiff's condition did improve over time, albeit slowly. Moreover, Dr. Earls' therapist noted that the Plaintiff "ma[de] significant progress" at his February 22 session, just six days before the ALJ decision. Here, there is substantial evidence to support the ALJ's decision because a reasonable person would accept the Plaintiff's progress as adequate to support the ALJ's conclusion. Because there is substantial evidence in the record as a whole demonstrating that the Plaintiff's condition improved, any failure by the Appeals Council to review the new evidence did not constitute reversible error.

The Recommendation is adopted and made the order of this Court. The decision of the Commissioner is **AFFIRMED.**

**SO ORDERED**, this the 20th day of October, 2010.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT