**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **WALBERT LAWTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:09-CV-239 (MTT)** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER** | ) | |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## <u>ORDER</u>

This matter is before the Court on the Claimant's Motion for Attorney's Fees.

(Doc. 30).  The Claimant seeks recovery of the fees pursuant to the Equal Access to

Justice Act (EAJA).  The Claimant seeks $181.88/hr, the calculated August 2011

Consumer Price Index (CPI) hourly rate, for the 67.60 hours of work performed by

Charles C. Martin and Michel Phillips, plus a $350.00 filing fee, totaling $12,645.09.[1]

---

[1] The Motion was filed in 2011 and the Claimant's attorneys, Charles C. Martin and Michel Phillips, ask for the August 2011 CPI hourly rate for work performed in 2009, 2010, and all months in 2011.   One, or both, of these attorneys have been involved in four previous Motions for Attorney's Fees pursuant to EAJA in this Court.   Both should be aware of the computation the Court must use to determine the hourly rate for attorney's fees performed both in years prior to the motions being filed, and the actual year that the motions are filed.  To be clear, the Court's computation is as follows:

$$\frac{\text{[The average CPI for the year in which the work was performed or, if work was performed in the year the Motion is filed, the average CPI for the month in which the work was performed]}}{155.7 \text{ [March 1996's average CPI, the month that statutory cap changed]}} \text{ X } 125 \text{ [the applicable statutory cap]}$$

However, the attorneys continue to insist on asking for the current year's calculated CPI hourly rate, instead of the correct hourly rate.  Any further filings that do not correctly calculate the hourly rate for attorney's fees will not be considered to be pled in good faith.

First, the Commissioner responds by alleging that the Claimant's Motion should be denied because the Commissioner's decision to deny benefits was substantially justified.  Further, the Commissioner contends, if the Court finds that he was not substantially justified, (1) that the hours requested by the Claimant are excessive and should be reduced and (2) that the Claimant is only entitled to $172.23/hr for work performed in 2009, and $175.06/hr for work performed in 2010.

For the following reasons, the Motion is **GRANTED**.  The Court finds the Commissioner was not substantially justified in his decision to defend the ALJ's decision to deny the Claimant disability benefits.  Further, the Claimant has not requested to be compensated for an unreasonable number of hours expended on the case.  However, the Claimant cannot be compensated at the average 2011 CPI hourly rate for work performed in 2009 and 2010.  Nor can the Claimant be compensated for the work performed in various months during 2011 at the August 2011 CPI hourly rate.  Therefore, the Claimant is entitled to 19.75 hours in 2009 at a rate of $172.24/hr, 14.75 hours in 2010 at a rate of $175.06/hr, 18.2 hours in January 2011 at a rate of $176.80/hr, .10 hours in February 2011 at a rate of $177.67/hr, 13.60 hours in March 2011 at a rate of $179.41/hr, .10 hours in July 2011 at $181.38/hr, .10 hours in August 2011 at $181.88/hr, and 1.00 hour in October 2011 at $181.78/hr, totaling $11,883.90 for 67.60 hours of work. Thus, adding the $350.00 filing fee, the Claimant is entitled to $12,233.90 in attorney's fees and costs.

I.    **Factual and Procedural History**

The Claimant filed a claim for disability benefits under the Social Security Act alleging that he was disabled as a result of physical and/or mental impairment.  The

Claimant's application was denied initially and upon reconsideration.  After a hearing, the ALJ found that the Claimant was not disabled.  The Appeals Council subsequently denied the Claimant's request for review and, ultimately, the Claimant was denied disability benefits.  The Claimant then appealed that decision to this Court.  The Court adopted the Recommendation of Magistrate Judge Stephen Hyles and affirmed the Commissioner's decision.  The Claimant appealed the decision to the Eleventh Circuit Court of Appeals, and the Court's decision was ultimately reversed.

The Eleventh Circuit affirmed in part and reversed and remanded in part because "the ALJ failed to adequately explain the weight he afforded to the opinion of some of [the Claimant's] treating and examining physicians." *Lawton v. Commissioner of Social Sec.*, 431 Fed. Appx. 830, 835 (11th Cir. 2011).  Specifically, the Eleventh Circuit reasoned:

> In this case, the ALJ never referenced either of Dr. Earls's opinions that Lawton could never return to work and that he would need medications, therapy, and injections for the remainder of his life, or the unsigned statement of Dr. Vance with the opinion/recommendation that Lawton was limited to sedentary work only. Moreover, both doctors' opinions are contrary to the ALJ's residual functional capacity assessment because both would suggest that Lawton could not engage in a significant range of light work. Thus, it appears that the ALJ did not give them controlling weight. While it is possible that the ALJ considered and rejected these opinions, he provided no explanation for the weight, or lack thereof, that he assigned to those opinions. The ALJ did state that he had considered the opinions of Lawton's treating and examining physicians and incorporated those opinions in his residual functional capacity assessment. However, a statement that the ALJ has considered all of the opinion evidence is not sufficient to discharge his burden to explicitly set forth the weight accorded to that evidence. *See Cowart*, 662 F.2d at 735. Without a clear explanation of how the ALJ treated those opinions, we cannot determine whether the ALJ's

conclusions were rational or supported by substantial evidence. *See id.*

*Lawton*, 431 Fed. Appx. at 834.

## II.   The Denial of Benefits Was Not Substantially Justified

Pursuant to EAJA, a "court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort) … brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Neither party disputes that the Claimant is a "prevailing party" for purposes of EAJA's applicability.[2]  However, the Commissioner contends that the Claimant's Motion should be denied because the Commissioner was substantially justified in his decision to deny the Claimant disability benefits despite the Eleventh Circuit's decision to reverse and remand the case.  "The Government's position under EAJA is substantially justified ... when it is justified to a degree that would satisfy a reasonable person … when it has a reasonable basis in both law and fact.  The Government bears the burden of showing that its position was substantially justified."  *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (internal quotations and citations omitted).

The Commissioner now advances several arguments to support the ALJ's decision not to consider two of the Claimant's treating physicians' opinions when making the decision to deny the Claimant disability benefits.   The Commissioner

---

[2] Any claimant who obtains a court order remanding his Social Security claim to the Commissioner for further proceedings is a "prevailing party" for purposes of EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

argues after-the-fact justifications for the ALJ's failure to consider, or specifically give reasons for disregarding, two of the Claimant's treating physicians' medical opinions regarding the Claimant's ability to engage in a significant range of light work.  The Commissioner further points to this Court's adoption of the Recommendation and the Recommendation itself to support his contention.[3]

However, the ALJ has an affirmative obligation to provide detailed explanations for failing to give controlling weight to treating physicians' medical opinions.  20 C.F.R. § 404.1527(d)(2).  As the Eleventh Circuit pointed out in its decision, "absent 'good cause' to the contrary, an ALJ is to give the medical opinion of treating physicians 'substantial or considerable weight.'"  *Lawton*, 431 Fed. Appx. at 834 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).  Further, even with good cause, the ALJ must clearly articulate his reasons for disregarding a treating physician's opinion. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefore.  *Lawton*, 431 Fed. Appx. at 834 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

Here, the Commissioner has not met his burden.  The Commissioner cannot be substantially justified in defending the ALJ's decision because the ALJ's decision does not comply with the required legal standards.  The Court concedes that perhaps the ALJ unintentionally omitted the specific reasons it did not consider the treating physicians' opinions that supported the Claimant's claim for disability benefits.  However, while it is

---

[3] Of course, as the Eleventh Circuit made clear, the Magistrate Judge erred when it recommended that the Commissioner's decision be affirmed, as did this Court when it adopted the Recommendation.

possible the ALJ considered and properly rejected the treating physicians' opinions and gave proper weight to all of the medical testimony, no explanation is provided in the ALJ's decision as required by federal regulations. The ALJ's failure to explain his omission of the two physicians' medical opinion precluded the Eleventh Circuit from reviewing the denial of the Claimant's disability benefits claim. The Commissioner's attempt to now supply findings and justifications purportedly intended by the ALJ does not create "substantial justification" for the ALJ's legally inadequate decision. Because the ALJ's decision does not articulate detailed reasons for disregarding two treating physicians' medical opinions, the Commissioner cannot be substantially justified in defending the ALJ's decision. *See Ford v. Astrue*, 2011 WL 671520 (M.D. Ala. 2011) ("The ALJ's error in this case was obvious and precluded this Court from reviewing his decision. Thus, to the extent Defendant's position in this litigation has been to defend the ALJ's error and invite the Court to supply the findings … intended by the ALJ ... such position is not "substantially justified." *Id.* at *2). Thus, the Commissioner was not substantially justified in his decision to deny the Claimant disability benefits

III.    **The Hours Requested by the Claimant**

The Commissioner argues that the number of hours for which the Plaintiff has requested to receive compensation is "excessive and redundant." (Doc. 31 at 11). A claimant is entitled to receive compensation for reasonable time expended by his attorney. *Hartage v. Astrue*, 2011 WL 1123401, *1 (2011). Further, while an attorney "may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights," there "is nothing inherently unreasonable about a client having multiple attorneys, and they may all be

compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1301–02 (11th Cir.1988). Here, the Claimant has requested a reasonable number of hours expended by his attorneys relating to the appeal of the Commissioner's denial of disability benefits. Therefore, the Claimant will receive compensation for the 67.60 hours expended by his attorneys on the case.

## IV.   The Reasonable Hourly Rate

Pursuant to EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort) … brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstance make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Fees and other expenses" include reasonable attorney's fees. 28 U.S.C. § 2412(d)(2)(A). Attorney's fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." *Id.*

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the claimant's counsel sought attorney's fees pursuant to the EAJA for 57.8 hours at $125/hr, 13 hours at $125/hr, and 31 hours at $95/hr. The Government opposed any hourly rate greater than the then-statutory cap of $75/hr.[4] The district court granted the claimant $75/hr without applying the cost-of-living escalator and the claimant appealed.

The Eleventh Circuit interpreted section 2412(d)(2)(A) as establishing a two-part analysis for determining the appropriate hourly rate.

---

[4]  The statutory cap was raised to $125/hr in 1996.

> The first step in the analysis … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation.  The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor.

*Meyer*, 958 F.2d at 1033-34 (internal quotation marks omitted).

The Eleventh Circuit stated that "Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA awards from inflation" and that "this expectation will not be realized … if district courts, without explanation, refuse to consider increases in the cost of living when calculating EAJA fees."  *Id.* at 1034. Although the Supreme Court has implied that the cost-of-living escalator is "next to automatic," the Eleventh Circuit did not accept that interpretation as part of its holding because "[a]lthough it seems difficult to envision a situation in which the district court would not adjust the cap upward for inflation, such a situation theoretically could exist…."  *Id.* at 1034-35.  Rather than deem the adjustment automatic, the Eleventh Circuit requires courts determining attorney's fees to "'articulate the decisions it made, give principled reasons for those decisions, and show its calculation.'"  *Id.* at 1035 (quoting *Norman*, 836 F.2d at 1304).  Because the district court did not explain its decision not to apply the cost-of-living escalator, the Eleventh Circuit remanded for reconsideration of the proper fee award.

Here, *Meyer*'s first step requires the Court to determine the relevant market rate. The Eleventh Circuit has stated that:

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work….  Satisfactory evidence necessarily must speak to

rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

*Norman*, 836 F.2d at 1299 (internal citations omitted).  Thus, the affidavits of the Claimant's counsel, alone, are not sufficient to establish the reasonableness of the Claimant's fees.  However, based on the attorneys' reputation and expertise, the Court believes that the market rate for Mr. Martin's and Mr. Phillips's services exceeds the current statutory rate with inflation, and, therefore, the Court must proceed to the second step.

Turning to *Meyer*'s second step, the Court finds it should apply the cost-of-living escalator because the market rate is greater than or equal to the statutory cap with inflation.  In *Watkins v. Astrue*, 2011 WL 4454102 (M.D. Ga. 2011) and *Eaton v. Astrue*, 2011 WL 3296097 (M.D. Ga. 2011), this Court adopted Judge Clay Land's clarification on the proper way to calculate the amount of inflation when determining EAJA attorney's fees in *Hartage v. Astrue*, 2011 WL 1123401 (M.D. Ga. 2011).  *Watkins*, 2011 WL 4454102, *2; *Eaton*, 2011 WL 3296097, *2.  In *Watkins*, the Court reasoned that the reasonable attorney's fees must reflect the year in which the work was performed and that "'enhancements to compensate for a delay in payment should be reserved for unusual cases, such as cases where the delay is unjustifiably caused by the defense.'" *Id*. (quoting *Hartage*, 2011 WL 1123401, *2) (internal quotations and citations omitted). Because the Court did not find that the case was unusual, it did not apply the

enhancement.  Therefore, the attorney's fees were calculated based upon the annual average Consumer Price Index for 2005, 2006, and 2007, the years in which the work was expended.  *Id.* at *2.

Consistent with *Watkins*, the Court finds that Mr. Martin and Mr. Phillips worked 19.75 hours in 2009 at a rate of $172.24/hr, 14.75 hours in 2010 at a rate of $175.06/hr, 18.2 hours in January 2011 at a rate of $176.80/hr, .10 hours in February 2011 at a rate of $177.67/hr, 13.60 hours in March 2011 at a rate of $179.41/hr, .10 hours in July 2011 at $181.38/hr, .10 hours in August 2011 at $181.88/hr, and 1.00 hour in October 2011 at $181.78/hr.  Although the Claimant proposes a greater award of attorney's fees based on the August 2011 CPI of $181.88/hr, presumably, to atone for the delay in payment, the Court is not persuaded by the Claimant's proposed method of calculation, and the Court further finds that this is not an unusual case in which an enhancement should be granted.  Accordingly, the Court finds that the Claimant is entitled to $11,883.90 in attorney's fees[5], plus the $350.00 filing fee.

---

[5]

| Year | Rate | Hours | Total |
|---|---|---|---|
| 2009 | $172.24 | 19.75 | $3,401.74 |
| 2010 | $175.06 | 14.75 | $2,582.14 |
| January 2011 | $176.80 | 18.20 | $3,217.76 |
| February 2011 | $177.67 | .10 | $17.77 |
| March 2011 | $179.41 | 13.60 | $2,439.98 |
| July 2011 | $181.38 | .10 | $18.14 |
| August 2011 | $181.88 | .10 | $18.19 |
| October 2011 | $188.78 | 1.00 | $188.78 |
| **TOTAL:** | | | **$11,883.90** |

-10-

For the foregoing reasons, the Motion for Attorney's Fees is **GRANTED**.  The Claimant shall receive $12,233.90 in attorney's fees and costs and these fees shall be paid directly to the Claimant.

**SO ORDERED**, this the 3rd day of April, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT